IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARCELINO HERNANDEZ-GARCIA                                      PETITIONER

v.                                            CIVIL ACTION NO. 5:19-cv-45-DCB-MTP

SHAWN R. GILLIS                                                RESPONDENT

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on Marcelino Hernandez-Garcia's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be denied.

## BACKGROUND

On March 11, 2009, Petitioner was indicted in the United States District Court for the District of South Carolina for conspiring to possess with intent to distribute cocaine and distributing cocaine, and thereafter, the federal court issued a warrant for Petitioner's arrest. On May 21, 2010, sheriff's deputies in Texas arrested Petitioner and charged him with possession of cocaine. On October 22, 2010, following a guilty plea, a Texas state court sentenced Petitioner to a five-year term of imprisonment. ([10-1] at 1).

On June 10, 2011, the United States Marshals Service took custody of Petitioner pursuant to a federal writ of habeas corpus *ad prosequendum* so that Petitioner could be tried for the criminal charges pending in the federal district court in South Carolina. ([10-1] at 1). On September 7, 2011, while Petitioner was in federal custody pursuant to the writ of habeas corpus *ad prosequendum*, Texas paroled him. ([10-1] at 2). Petitioner remained in federal custody, and

on October 18, 2016, following a guilty plea,[1] the federal district court sentenced Petitioner to a

120-month term of imprisonment. ([10-1] at 2).  The district judge recommended to the Bureau

of Prisons that Petitioner "receive credit for time served for this offense." ([10-1] at 2; [10-7] at

3).

On May 24, 2019, Petitioner filed the instant Petition asserting that the Bureau of Prisons

("BOP") incorrectly calculated his sentence by failing to credit his sentence with the time he

served in state custody.  According to Petitioner, the BOP should have designated his state prison

as a place of confinement for his federal sentence, i.e., a *nunc pro tunc* designation.  Petitioner

also argues that, "at minimum," he should have received credit from the time he was first taken

into federal custody.

## ANALYSIS

Computing a federal sentence requires two separate determinations: (1) when did the

sentence commence and (2) whether the defendant is entitled to credit for time previously spent

in custody.  Title 18 U.S.C. § 3585 governs the calculation of the length of a federal criminal

sentence.  "A sentence to a term of imprisonment commences on the date the defendant is

received into custody awaiting transportation to . . .  the official detention facility at which the

sentence is to be served." 18 U.S.C. § 3585(a).  Thus, Petitioner's federal term of imprisonment

commenced on October 18, 2016—the day he was sentenced and taken into the custody of the

Marshals Service.

Section 3585 also provides that the defendant is entitled to sentencing credit for time

spent in "official detention" prior to the commencement of the term of imprisonment.

---

[1] Petitioner first pleaded guilty on August 15, 2012, but he withdrew that plea on November 2, 2015.  Then, on June 29, 2016, Petitioner again pleaded guilty to the drug charges.

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence.**

18 U.S.C. §3585(b) (emphasis added).

Petitioner argues that the BOP failed to award him credit on his sentence which was granted to him by the sentencing court. In its judgment, the district court stated: "The defendant shall receive credit for time served for this offense." ([10-7] at 3). Additionally, during the sentencing hearing, the judge remarked: "I will make a recommendation to the Bureau of Prisons that he receive credit for the time he's been incarcerated on this charge. And that would go back to 2010, would it not?" ([10-9] at 16-17).

According to Petitioner, these statements indicate that the sentencing court intended for him to receive credit on his federal sentence for the entire time he was in state custody. The Supreme Court, however, has made clear that district courts have no jurisdiction to grant or deny credits at sentencing *See United States v. Wilson*, 503 U.S. 329 (1992). Calculating an offender's sentence pursuant to § 3585 is the responsibility of the BOP. *See United States v. Binion*, 981 F.2d 1256, 1992 WL 386836, (5th Cir. Dec. 21, 1992) ("The computation of credits is wholly the function of the United States Attorney General after the defendant begins their sentences."); *see also Young v. United States*, 2014 WL 1356590, at *2 (S.D. Miss. Apr. 7, 2014) ("The district court at the time of sentencing cannot determine the precise amount of credit a federal offender should receive.").

3

Here, the BOP credited 1,871 days of prior custody toward Petitioner's federal sentence. ([10-8] at 4). This credited time included the period between May 21, 2010 (the date of his arrest in Texas) and May 24, 2010, because this time was not credited to Petitioner's state sentence. ([10-1] at 2; [10-8] at 4). The credited time also included the time Petitioner spent in federal custody after he was paroled by Texas and before his sentencing in federal court—September 8, 2011, through October 17, 2016. ([10-1] at 2; [10-8] at 4).

The BOP did not award credit for the time Petitioner spent in federal custody before he was paroled by Texas. Petitioner argues that he should have received credit for this period, which began on June 10, 2011. Petitioner, however, is not entitled to credit for this time. The Supreme Court has explained that when Congress enacted § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). Where a prisoner is in primary state custody and is taken on writ into federal custody to answer federal charges, he is not entitled to also have that time credited against his federal sentence. *See Chaplin v. United States*, 451 F.2d 179, 181 (5th Cir. 1971) ("petitioner was exclusively in state custody for a state parole violation except when appearing in federal court via writ of habeas corpus *ad prosequendum*. Upon this finding, petitioner is not entitled to credit against his federal sentence for such time spent in state custody."); *Dominguez v. Willaimson*, 251 F.3d 156, 2001 WL 300705, *3 (5th Cir. 2001); *United States v. Wilburn*, 2009 WL 197569, *4 (S.D. Tex. Jan. 27, 2009). Petitioner was in primary state custody when he was taken into temporary federal custody, and he was awarded credit toward his state sentence until he was paroled. Accordingly, he may not receive credit toward his federal sentence for the period from June 10, 2011, to September 7, 2011.

4

Petitioner also argues that he was entitled to a *nunc pro tunc* designation.  In other words, Petitioner argues that the BOP should have designated his state prison as his place of confinement and counted his federal sentence as running concurrent with his state sentence. "Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).  To receive a *nunc pro tunc* designation, the federal sentence must have been imposed before the state sentence.  Petitioner's federal sentence was not imposed before his state sentence.  Texas paroled him before he was sentenced in federal court.  Thus, Petitioner is not entitled to a *nunc pro tunc* designation. *See Valdez v. Mosely*, 2018 WL 4622309, at *3 (S.D. Miss. Aug. 20, 2018).

Petitioner has failed to demonstrate that he is entitled to credit on his federal sentence which has not already been awarded by the BOP.

### RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

### NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 11th day of December, 2020.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE